UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division



UNITED STATES OF AMERICA,

v.                                              Criminal No.: 4:14cr17

LARUE MARTIN, JR.,

      Defendant.

## MEMORANDUM ORDER

This matter is before the Court on defendant Larue Martin, Jr.'s ("Defendant") motion in limine to exclude expert testimony offered by the Government. Defendant's motion seeks to prevent the Government from introducing certain expert testimony at trial because (1) the Government's expert notice was untimely, (2) the Government's expert notice was inadequate, and (3) some of the expected testimony would violate Federal Rule of Evidence 704. See Def.'s Mot. in Limine, ECF No. 18. As set forth below, Defendant's motion in limine is **DENIED**.

### A. Timeliness of Government's Expert Notice

Defendant asserts that the Court should "bar the [G]overnment from introducing the proposed expert testimony of DEA Agent Timothy Jenkins" because "the [G]overnment . . . waited until seven days before trial to notify the defense of a proposed expert." Id. at 3, ECF No. 18. Conceding that its notice regarding Agent Jenkins "was untimely under the [Court's]

Discovery Order," the Government contends that the late filing was "due to excusable neglect" and, in any event, "exclusion of the proffered testimony is an inappropriate remedy in this case." Gov't's Br. in Resp. at 1, 4, 6, ECF No. 19.

The Court's April 30, 2014 Discovery Order provided that, "[t]he [G]overnment shall disclose to the defendant no later than ten business days before trial, a written summary of testimony the [G]overnment intends to use under Rules 702, 703, or 705, Federal Rules of Evidence." Ct.'s Disc. Order at 2, ECF No. 12. The Government notified defense counsel "after business hours on June 2[, 2014], four business days prior to trial," Gov't's Br. in Resp. at 4-5, ECF No. 19, of its "inten[t] to call Drug Enforcement Administration (DEA) Special Agent Timothy Jenkins as a witness during the trial of [Defendant]," Gov't's Ex. A, ECF No. 19-1. The Government asserts that it had been unable to "identify an appropriate federal witness prior to that date" and that it provided the required "notice and summary on the same day that Special Agent Jenkins was identified as an appropriate witness." Gov't's Br. in Resp. at 5, ECF No. 19.

Federal Rule of Criminal Procedure 45(b) permits a court to extend the time in which "an act must or may be done . . . if the party failed to act because of excusable neglect." Fed. R. Crim. P. 45(b). "A determination of excusable neglect is based on several factors, including 'the danger of prejudice [to the

opposing side], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'" United States v. Stewart, 312 F. App'x 557, 558 (4th Cir. 2009) (quoting Pioneer Inv. Serv. Co. v. Brunswick Assocs., 507 U.S. 380, 395 (1993)).[1]

### 1. Danger of Prejudice

Defendant alleges no prejudice resulting from the Government's untimely notice, such as that noted in the cases cited by Defendant where notice given five days before trial "substantially prejudiced the [G]overnment because, on such short notice, it could not reasonably be expected to search for its own expert [on the reliability of eyewitness identifications] and find one available to come to the Virgin Islands in time to be given the available facts and the opportunity to assimilate them." United States v. Dowling, 855 F.2d 114, 118 (3d Cir. 1988); see also United States v. Curry, 977 F.2d 1042, 1052 (7th Cir. 1992) (relying on Dowling to affirm trial court's exclusion of eyewitness reliability expert based on four days' notice). Here, the Government asserts that "Special Agent Jenkins will be testifying to a very limited fact: That the packaging of the marijuana found in the

[1] The United States Supreme Court applied its Pioneer excusable neglect analysis in the criminal context in Stutson v. United States, 516 U.S. 193 (1996)).

3

defendant's pocket is consistent with street level distribution of a controlled substance." Gov't's Br. in Resp. at 5, ECF No. 19. Defendant makes no assertion that he intends to call an opposing expert to refute Special Agent Jenkins' testimony, or that four business days before trial is insufficient time to locate such opposing expert. Thus, this factor favors the Government.

### 2. Length of Delay and Impact on Judicial Proceedings

According to the Court's Discovery Order, the Government should have provided Defendant with the expert disclosure by May 26, 2014. Instead, the Government provided the disclosure "after business hours on June 2, [2014]." Id. at 4-5. Defendant does not request any additional time to adequately prepare in response to the Government's untimely disclosure. Nor does it appear to the Court that the untimely disclosure will impact the trial scheduled to begin on June 9, 2014, especially in light of the fact that Special Agent Jenkins' testimony will be "very limited." Id. at 5. Thus, this factor also favors the Government.

### 3. Reason for Delay and Whether Delay was in Government's Control

The Government asserts that the reason for its delay was its "inability to identify an appropriate federal witness prior to [the] date" instructed by the Court to disclose its experts

to Defendant.  Id. at 5.  The Government does not provide the Court with any details regarding its efforts prior to the date its disclosure was due, specifically whether the reasons for the delay were within the Government's control.  The Court observes that a better course of action might have been for the Government to at least notify Defendant in a timely manner that it was seeking an expert to testify to an opinion about the marijuana packaging and its consistency with street level distribution.  The Government does not allege that it did, in fact, timely notify Defendant of its intent to search for an expert to testify to this "very limited fact," even if it had not yet found such expert.  Id.  Thus, this factor favors Defendant.

### 4. Whether the Government Acted in Good Faith

Defendant asserts that "[t]here is no good cause for the [G]overnment to have waited until seven days before trial to notify the defense of a proposed expert."  Def.'s Mot. in Limine at 3, ECF No. 18.  However, Defendant alleges no bad faith on the part of the Government.  On the other hand, the Government does not expressly allege that it acted in good faith.  However, the Government alleges that it learned on June 1, 2014 that Defendant "had finally rejected the Government's plea offer, and that this case would be proceeding to trial."  Gov't's Br. in Resp. at 2, ECF No. 19.  The very next day, June 2, 2014, the

Government "identified [Special Agent Jenkins] as an appropriate witness" and provided Defendant with the required "notice and summary on the same day." Id. at 5. Thus, finding no evidence of bad faith by the Government, the Court finds that this factor slightly favors the Government.

For all of these reasons, the circumstances surrounding the Government's untimely disclosure favor a finding that the Government's delay in providing Defendant with notice of Special Agent Jenkins' "very limited" expert testimony was caused by excusable neglect. Id. Accordingly, the Court finds good cause to extend the time in which the Government was required to provide Defendant with notice of its intent to call Special Agent Jenkins as an expert witness regarding his "opinion about the marijuana packaging and its consistency with street level distribution." Id. See Fed. R. Crim. P. 45(b).

### B. Adequacy of Government's Expert Notice

Defendant alleges that the expert notice provided by the Government is insufficient to satisfy the Court's April 30, 2014 Discovery Order, as well as Federal Rule of Criminal Procedure 16(a)(1)(G). Regarding Special Agent Timothy Jenkins, Defendant contends that the Government provided (1) no adequate description of [Agent Jenkins'] qualifications, "other than that he is a DEA Agent and a former police officer," (2) no "detail about the nature of the proposed testimony," and (3)

"essentially no information regarding the basis for Special Agent Jenkins' conclusions." Def.'s Mot. in Limine at 4, ECF No. 18. Regarding Forensic Scientists Roxanne Durning and Therese Moynihan, Defendant also asserts that the Government's "notice is silent to the summary of any expert testimony, including the witnesses['] 'opinions, the bases and reasons for those opinions, and the witness's qualifications.'" Id. at 4-5.

Federal Rule of Criminal Procedure 16 provides that a disclosure of expert witnesses "must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." Fed. R. Crim. P. 16(a)(1)(G). Failure to comply with the rule may result in an order for the offending party "to permit the discovery or inspection," a "continuance," exclusion of the evidence, or "any other order that is just under the circumstances." Fed. R. Crim. P. 16(d)(2). "In determining a suitable and effective sanction, a court must weigh the reasons for the government's delay and whether it acted intentionally or in bad faith; the degree of prejudice, if any, suffered by the defendant; and whether any less severe sanction will remedy the prejudice and the wrongdoing of the government." United States v. Hastings, 126 F.3d 310, 317 (4th Cir. 1997); see also United States v. Gonzales-Flores, 701 F.3d 112, 116 (4th Cir. 2012).

"When a court sanctions the government in a criminal case for its failure to obey court orders, it must use the least severe sanction which will adequately punish the government and secure future compliance." Hastings, 126 F.3d at 317. "The sanction of exclusion of testimony, however, 'is almost never imposed' absent a constitutional violation or statutory authority for the exclusion." United States v. Mullins, 263 F. App'x 342, 344 (4th Cir. 2008) (citing United States v. Charley, 189 F.3d 1251, 1261 (10th Cir. 1999)).

### 1. Special Agent Timothy Jenkins

The Government's June 2, 2014 letter informed defense counsel that Special Agent Timothy Jenkins "will testify that the packaging of the marijuana found in [Defendant's] possession on January 14, 2014, is consistent with low-level distribution of controlled substances." Gov't's Ex. A, ECF No. 19-1. The letter asserted that the testimony would be "based on [Agent Jenkins'] examination of digital photographs of the marijuana packaging," which had been provided to Defendant "in discovery." Id. The letter concluded, stating that "Special Agent Jenkins does not have a C.V. Special Agent Jenkins has been with DEA since 1995. Prior to his employment with the DEA, Special Agent Jenkins was a police officer in Norfolk, VA." Id.

First, the Court finds that the Government's June 2, 2014 letter sufficiently described Agent Jenkins' testimony so as to

comply with Federal Rule of Criminal Procedure 16(d)(2). Second, the Court agrees with Defendant that the Government's letter should have provided more information regarding the basis for his opinions, such as explaining how the "digital photographs of the marijuana packaging" informed his opinion as to the consistency with "distribution." Id. And, third, regarding the witness's qualifications, it appears that Agent Jenkins, even if he did not have an official C.V., should have informed the Government of any specialized training he received that qualifies him as an expert. However, Defendant alleges no prejudice resulting from the deficient disclosure. Moreover, there is no indication of bad faith by the Government, as it appears that it swiftly relayed to Defendant all of the information it possesses regarding Special Agent Jenkins and his expected testimony. Thus, the Court finds that these deficiencies are not so great as to require exclusion, as such failure of the Government certainly does not rise to the level of "a constitutional violation or statutory authority for the exclusion," Mullins, 263 F. App'x at 344.

However, that the Court declines to exclude Agent Jenkins' testimony does not suggest that the Court approves of the Government's expert disclosure and that the Government should completely escape any sanction by the Court. Thus, the Court will liberally allow cross-examination of Agent Jenkins, as to

his qualifications and his testimony, and will entertain any
well-grounded objections to either.

**2. Forensic Scientists Roxanne Durning and Therese Moynihan**

Defendant asserts that the Government "timely provided
defense counsel with . . . a Certificate of Analysis dated March
25, 2014 regarding the analysis of the alleged marijuana and a
Certificate of Analysis dated January 16, 2014 pertaining to an
examination of the firearm at issue in this case."  Def.'s Mot.
in Limine at 2, ECF No. 18.  However, on June 2, 2014, the
Government "advised [defense counsel] that [it] planned to call
the forensic scientists pertaining to the two Certificates of
Analysis but did not have a resume or 'C.V.' for them."  Id.
The Government alleges that the certificates of analysis provide
"notice of the proposed testimony" of the forensic scientists,
and alleges that it provided Defendant with the witnesses'
qualifications "as soon as [they were] obtained by counsel for
the Government."  Gov't's Br. in Resp. at 3, 4 ECF No. 19.

The Court agrees with the Government that the timely-
provided Certificates of Analysis provided notice of the
witnesses' testimony, as well as the bases for their opinions.
The March 25, 2014 Certificate of Analysis of the marijuana
states that the substances contained in the plastic bags "were
analyzed" and "found to contain Marijuana."  Gov't's Ex. B at 9,
ECF No. 19-1.  The certificate also states the "total net

10

weight" of the substances. Id. Forensic Scientist Rozanne Durning attested: "I certify that I performed the above analysis or examination as an employee of the Department of Forensic Science and that the above is an accurate record of the results and interpretations of that analysis or examination." Id. The February 20, 2014 Certificate of Analysis of the firearm indicates that the "firearm was examined, found to be in mechanical operating condition with the safety features functioning properly and test fired." Id. at 6. The certificate states that two of the firearm's "cartridges were used for test firing purposes" and that the "obliterated serial number" could not be restored. Id. Forensic Scientist Therese Moynahan attested: "I certify that I performed the above analysis or examination as an employee of the Department of Forensic Science and that the above is an accurate record of the results and interpretations of that analysis or examination." Id. Thus, the Court finds that Defendant timely received notice of the facts to which the forensic scientists will testify at trial, as well as the bases for their opinions. Defendant cannot possibly allege surprise at the Government's intent to call the forensic scientists as witnesses at trial, as such testimony has been required since the Supreme Court's 2009 decision in Melendez-Diaz v. Massachusetts, 557 U.S. 305 (2009), holding that a defendant's Sixth Amendment right of

11

confrontation is violated when such a report is introduced without "the analyst's appearance at trial." Id. at 326.

Furthermore, Defendant alleges no prejudice resulting from the delayed receipt of the experts' qualifications. There is no indication of bad faith by the Government, as its reason for the delay is that it had not yet received the statements of qualification from the witnesses. Recognizing that the "exclusion of testimony . . . is almost never imposed absent a constitutional violation or statutory authority for the exclusion," and finding no "constitutional violation or statutory authority for the exclusion," Mullins, 263 F. App'x at 344 (internal quotation marks omitted), the Court declines Defendants' motion to exclude the testimony of either forensic scientist. However, the Court will liberally allow cross-examination of both witnesses and will entertain any well-grounded objections to the witnesses' qualifications, testimony, or the grounds upon which their testimony is based.

### C. Expected Testimony and Federal Rule of Evidence 704

Defendant finally asserts that Special Agent Jenkins' testimony should be excluded because it will violate Federal Rule of Evidence 704. Specifically, Defendant alleges that Jenkins intends to offer "[t]estimony regarding [Defendant's] mental state," which "would violate the prohibition contained in Rule 704" against "'stat[ing] an opinion about whether the

12

defendant did or did not have a mental state or condition that constitutes an element of the crime charged.'" Def.'s Mot. in Limine at 5, ECF No. 18 (quoting Fed. R. Ev. 704).

"An expert witness may testify about an established practice among drug dealers, provided that he does not speak directly to the guilt or innocence of the accused." United States v. Alexander, 87 F. App'x 889, 889-90 (4th Cir. 2004) (citing United States v. Conyers, 118 F.3d 755, 758 (D.C. Cir. 1997)). A qualified expert may testify whether "the evidence presented (quantity, packaging, and a digital scale) was inconsistent with personal use," as long as he does "not offer an opinion as to [the defendant's] intent." Id. Thus, "[q]uestions to the expert and the expert testimony must avoid any reference to 'intent' and the 'context of the testimony [must] make[] clear . . . that the opinion is based on knowledge of general criminal practices, rather than "some special knowledge of the defendant's mental processes."'" United States v. Woodson, Nos. 97-4143, 97-4168, 1998 U.S. App. LEXIS 23227, at **6-7 (4th Cir. Sept. 18, 1998) (quoting United States v. Smart, 98 F.3d 1379, 1388 (D.C. Cir. 1996) (quoting, in turn, United States v. Lipscomb, 14 F.3d 1236, 1243 (7th Cir. 1994))).

Here, the Government asserts that "Special Agent Jenkins will be testifying to a very limited fact: That the packaging of the marijuana found in the defendant's pocket is consistent with

street level distribution of a controlled substance."   Gov't's Br. in Resp. at 5, ECF No. 19.   The Court does not find, as Defendant suggests, that the expected testimony in this case is "indistinguishable from that found to violate Rule 704" in the cases cited by Defendant.   Def.'s Mot. in Limine at 7, ECF No. 18.   In United States v. Watson, 260 F.3d 301 (3d Cir. 2001), the Court noted that the prosecutor "pushed his questions too far and he repeatedly elicited expert testimony in violation of Rule 704(b)" when he asked the officers, "have you formed an opinion, as to whether or not the substance contained in Government Exhibit 1 was possessed with the intent to distribute . . .?"   Id. at 305-06 (emphasis added).   Likewise, in United States v. Mitchell, 996 F.2d 419 (D.C. Cir. 1993), "the prosecutor asked the expert witness . . . what the packaging of certain quantities of crack cocaine in ziplock bags suggested about 'the intentions of the person who possessed those bags.'" Id. at 422 (emphasis in original).   In both cases, the courts noted that there is "a line that expert witnesses may not cross," Watson, 260 F.3d at 308 (quoting Mitchell, 996 F.3d at 422), and in both cases, the expert witness crossed that line.

The Government gives no indication whatsoever that Special Agent Jenkins will be asked - or that he is expected to testify - about Defendant's "mental state or condition" at the time of the offense with which Defendant is charged.   Fed. R. Ev. 704.

14

Of course, he cannot do this.   However, he may testify as to whether the evidence is inconsistent with personal use, or that the evidence is consistent with distribution.   It is for the jury to decide whether <u>this</u> Defendant had the intent to distribute the marijuana at issue in this case.   Accordingly, the Court declines to exclude Jenkins' testimony before trial. Of course, the Court will entertain objections at trial, if Special Agent Jenkins' testimony is suspected of being in violation of Rule 704.   Defendant's Motion in Limine is therefore **DENIED**.

The Clerk is **DIRECTED** to forward a copy of this Order to counsel for the Defendant and to the United States Attorney's Office in Newport News, Virginia.

**IT IS SO ORDERED**.

/s/

Mark S. Davis
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
June 6 , 2014